April 21, 2015

83,118-01

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 28 2015

Abel Acosta, Clerk

Abel Acosta, Clerk
Court Criminal Appeals
P O Box 12308
Austin, TX 78711

RE: WR-83,118-01
TR. Ct. No. 061552-A

Dear Clerk :

Enclosed are Carbon copies of my "Motion. To Strike", And "Applicant's objections" For filing in the Above-Numbered matter.

Though I filed the Originals in the district court, the district clerk did not Afford me the opportunity to file responsive pleadings before forwarding the case file to You.

Larry Pirpich
P.O. Box 9000
Henderson TX
75653

Thank You

Larry Pirpich

## No. 061552 - A

EX PARTE        §     397TH DISTRICT COURT

                     §      GRAYSON COUNTY

LARRY PIRPICH       §     State of TEXAS

## APPLICANT'S Objections

To the 397TH DISTRICT COURT:

Comes Larry Eugene PirPich, APPLICANT in the above-Numbered & styled Matter, Filing the following Objections to the Court's "Memorandum" And Adopted "findings of fact" & "Conclusions of Law." Said Objections ARE As follows:

## FINDINGS OF FACT

1. APPLICANT. DiD NOT Plead Guilty on MARCH 15, 2011, As the Court STATES. ("Findings of fact, No. 1, Page 1.) To the CONTRARY, APPLicANT Plead Guilty SIX (6)

### Findings of Fact

1. (Cont'd) months and one year later; on September 5, 2012.
(The Courts' "Register of Actions.")

2. Applicant objects to the Court's finding that "Christopher K. Woodward provided a credible affidavit;" (Finding No. 5, Memorandum) simply accepting Woodward's version of facts without verification or allowing Applicant the an opportunity to offer rebuttal evidence. Woodward's affidavit contains lies, as to:

   a. Woodward claims he spent "considerable time discussing the case ... both in person and in writing," and that's simply untrue. Woodward NEVER wrote to Applicant, and

a. (cont'd) he only visited with Applicant on two occasions, for short sessions, as jail records will show;

b. Woodward states we went over the discovery provided by the state and that he made it clear the evidence would be sufficient to find me guilty. That would be a lie.

Though his affidavit fails to mention it, dashcam video supports Applicant's version of the facts, and Chris Woodward said since my statements to police were prior to my Miranda warning, only my wife's statement or testimony would be used against me;

c. Woodward said WERE it NOT fOR Co-defendant testimony We'd Go To Trial and "kick their fuckin' ASS". He said but because of Co-defendant Testimony, I didn't have a chance; AND

d. Woodward only came To SEE, ON TRiPs he made foR FederaL Court.

3. Woodward did NOT advise AppLicant that his Guilty Plea would be used against him iN FEDERAL COURT (FindiNGS, No. 7), ALThough Woodward is an EX - COP, A fORMER PROSECUTOR, And CURRENT PRActiONER EXPERIENCED iN FederaL COURT; ANd deals daily with such Federal matters. He REGULARY SEES The Feds Pick uP CASES such as this.

3. (CONT'd) To say he would NEVER warn a client that the Feds would/could use his guilty plea UNLESS he had "some knowledge" that AN investigation was "ongoing" is ludicrous and defies logic.

Woodward was paid $5,000°° TO REPRESENT APPLICANT, AND that MEANS defending his interests. It's crazy that Applicant was indicted by the Feds only THREE Months later and seasoned jurists pretend to be surprised.

4. The Court's finding of "No evidence" of a Federal investigation, bears No relevance as to whether one actually existed. A child could see, NOW, that OBVIOUSLY such an investigation WAS ONGOING. APPLICANT has

4. (CONT'd) limited OPPORTUNITIES TO PROVE UP his claims CONCERNING the Federal INVESTigation; due TO his incarceration.

5. Permitted a little MORE time, and a limited AMOUNT of discovery, Applicant could PROVE with documentation his RELEVANT claims.

6. Applicant objects TO THE COURT'S RESOLUTION of disputed Facts IN FAVOR of TRIAL COUNSELS VERSION, AS THEY WERE - AND ARE - IN CONFLICT with APPLICANT'S Pleadings And Affidavits, AND IS NOT SUPPORTED by ANY EVIDENCE.

7. TO THE EXTENT that THE district COURT Found "MR. Woodward was aware..." (Findings of Fact" No. 10) "MR. Woodward knew..." (FINDINGS", No. 11), EVIDENCE "KNOWN TO MR. Woodward THROUGH

7. (CONT'd) discovery", (FINDINGS, No. 12) And "Based on the evidence known to MR. Woodward from his investigation" (FINDINGS, No. 13) And that "The TRIAL Attorney did not misstate the law or the facts..." (FINDINGS, No. 14), the RECORD contains no evidence supporting these assumptions. Aside from Woodward's own unsupported affidavits only APPLICANT'S PRESENCE in the PASSENGER side of the car corroborated the anticipated co-defendant testimony.

8. APPLICANT objects to the COURT's adoption of the POLICE REPORT(S). APPLICANT has said that the dash CAM video (available on disc) refutes the POLICE REPORT(S) AS to APPLICANT'S statements and the roadside search.

9. Applicant Objects to the Court's determination that the 15-Yr, 8 month Federal sentence that resulted from Applicant's Guilty Plea in this case is a "Collateral Consequence."

10. Applicant Objects to the district court's immediate adoption of the State's Version of the Facts only two days After submission (on March 31, 2015) Robbing Applicant of any opportunity to present Rebuttal evidence.

11. Applicant Received the Court's "Memorandum" on April 13, 2015, eleven (11) days After entry of the Court's "Order".

I, Larry E. Pirpich, declare under Penalty of Perjury that the Foregoing is True. In Rusk Co. on Apr. 13, 2015.

Larry Pirpich, Larry Pirpich, Box 9009 Henderson, Tx 75653